**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RECOVERAID RECOVERY
SOLUTIONS, INC., a Canadian
corporation, as assignee of Optima
Consulting Group,

     Plaintiff,

v.                                                                  Case No. 3:22-cv-731-TJC-LLL

LEVEL 1 TRANSPORT, INC., a
Florida corporation, WAREHOUSE
HOLDINGS, INC., a Florida
corporation, SEAN MCINERNEY,
an individual, and JAMES DAVIS,
an individual,

     Defendants.

_____

# O R D E R

     This case is before the Court on Recoveraid Recovery Solutions, Inc.'s

Motion to Enforce Settlement against Defendants Warehouse Holdings, Inc.

and Sean McInerney. (Doc. 38). Warehouse Holdings and McInerney responded

after the Court directed them to do so. (Docs. 40; 41). The Court also directed

Recoveraid to file a copy of the Settlement Agreement under seal. (Docs. 45; 47).

     Recoveraid contends Warehouse Holdings and McInerney have defaulted

on an obligation in the Settlement Agreement executed between the three

parties. (Doc. 38 at1). The Settlement Agreement resolved Recoveraid's claims

against Warehouse Holdings and McInerney in this action. (Doc. 47 at 1). The Agreement prescribed that Warehouse Holdings and McInerney would wire transfer a sum of money to Recoveraid no later than December 23, 2022. (Docs. 38 at 1; 47 ¶ 1). They never did so and now Recoveraid seeks enforcement of the Settlement Agreement. (Docs. 38 at 2, 4; 41 ¶ 2).

"[A] district court has jurisdiction to enforce a settlement agreement, at least when one party refuses to abide by the agreement prior to dismissal of the action." Kent v. Baker, 815 F.2d 1395, 1400 (11th Cir. 1987); see also Foster v. Orkin Pest Control, No. 2:02-cv-606-FtM-34DNF, 2008 WL 11472149, at *2 (M.D. Fla. July 17, 2008) (Howard, J.) ("However, when . . . a party seeks to enforce a Settlement Agreement before the case is dismissed[,] the federal court does have jurisdiction to entertain and resolve such a request."). This case has yet to be dismissed; thus, the Court retains jurisdiction for enforcement of the Settlement Agreement. "A party seeking to enforce a Settlement Agreement bears the burden of showing, by the preponderance of the evidence, that 'the opposing party assented to the terms of the agreement.'" Foster, 2008 WL 11472149, at *2 (quoting Spiegel v. H. Allen Holmes, Inc., 834 So. 2d 295, 297 (Fla. 4th DCA 2002)) (citations omitted).

Warehouse Holdings and McInerney admit they assented to the terms of the Settlement Agreement and that they have failed to perform their payment obligation under the Agreement. (Doc. 41 ¶¶ 1, 2, 4). Under Paragraph 1 of the

Settlement Agreement, Defendants agreed to pay $112,000.00 by wire transfer to Recoveraid no later than 5:00 PM on December 23, 2022. (Doc. 47 ¶ 1). Defendants never did so and report that they cannot make this payment now due to a lack of funding and Warehouse Holdings' closure. (Doc. 42 ¶¶ 3, 4). Their failure to make this payment constitutes a material breach of the Settlement Agreement under Paragraph 5, which provides that "[t]he failure by any Party to comply with any of the above terms in a timely manner constitutes a material breach of this Agreement." (Doc. 44 ¶ 5). Therefore, given the terms of the Settlement Agreement to which Defendants fully assented, Defendants owe $112,000.00 to Recoveraid as the settlement payment agreed to in the Settlement Agreement.

Accordingly, it is hereby

**ORDERED:**

1.     Recoveraid Recovery Solutions, Inc.'s Motion to Enforce Settlement (Doc. 38) is **GRANTED**.

2.     No later than **July 31**, **2023**, Defendants Warehouse Holdings, Inc. and Sean McInerney shall pay $112,000.00 to Plaintiff Recoveraid Recovery Solutions, Inc. as required under the Settlement Agreement. If they fail to do so, Plaintiff may seek further relief as necessary.

**DONE AND ORDERED** in Jacksonville, Florida the 30th day of May, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

ksm
Copies:

Counsel of record