**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RECOVERAID RECOVERY
SOLUTIONS, INC., a Canadian
corporation, as assignee of Optima
Consulting Group,

    Plaintiff,

v.

Case No. 3:22-cv-731-TJC-LLL

LEVEL 1 TRANSPORT, INC., a
Florida corporation, WAREHOUSE
HOLDINGS, INC., a Florida
corporation, and SEAN
MCINERNEY, an individual,

    Defendants.

## O R D E R

    This case is before the Court on Plaintiff Recoveraid Recovery Solutions, Inc.'s Motion for Contempt and Sanctions, Doc. 66, and the Report and Recommendation recommending granting default judgment against Defendant Level 1 Transport, Inc., Doc. 67; see also Doc. 58 (motion for default judgment).

### Background

    This case arises from the attempted purchase of face masks during the COVID-19 pandemic. See generally Doc. 1. Recoveraid alleges the following facts. Defendant Warehouse Holdings, Inc., agreed to purchase from Recoveraid 50,000 face masks for $200,000. Id. ¶¶ 12–14. After receiving confirmation of a

wire transfer, Recoveraid shipped the masks. Id. ¶¶ 15, 16. Recoveraid stopped shipment before delivery after being notified that the transfer had been canceled. Id. ¶ 17. Recoveraid and Warehouse Holdings then agreed Warehouse Holdings would submit a check to Recoveraid's non-party business partner, Optima Consulting Group. Id. ¶ 18. Level 1 issued the check,[1] and a representative for Warehouse Holdings, James Davis, deposited the check into Optima's bank account. Id. ¶ 19. Recoveraid reshipped the masks. Id. ¶ 20. The check was dishonored,[2] and "[i]t was later discovered that the account had actually been closed prior to the issuing of [the] check." Id. ¶ 21. Davis repeatedly promised Recoveraid payment, including through bank wires and credit card. Id. ¶ 23. Recoveraid has not been paid. Id. ¶¶ 22–24.

Recoveraid filed this suit in July 2022, alleging six claims: (1) breach of contract against Warehouse Holdings; (2) unjust enrichment against Warehouse Holdings and its president, Sean McInerney; (3) violation of the Florida Deceptive and Unfair Trade Practices Act against Warehouse Holdings; (4) fraud against Davis; (5) fraud against McInerney; and (6) issuance of a worthless check against Level 1. Id. ¶¶ 28–58. Davis was never properly served,

---

[1] Level 1's connection to Warehouse Holdings is unclear from the record.

[2] Optima has allegedly assigned its right to recovery to Recoveraid. Doc. 1 ¶ 25; Doc. 1-5.

Doc. 64, and the Court dismissed the claim against him without prejudice, Doc. 65.

Recoveraid, Warehouse Holdings, and McInerney settled the claims against Warehouse Holdings and McInerney, Doc. 37, and in February 2023, Recoveraid moved to enforce the settlement agreement, Doc. 38. Warehouse Holdings and McInerney responded that the funding they had expected never materialized and they are unable to pay Recoveraid as agreed. Doc. 41. The Court granted the motion to enforce the settlement agreement, directed Warehouse Holdings and McInerney to pay the agreed amount ($112,000), and established a July 31, 2023, deadline. Doc. 54. Warehouse Holdings and McInerney have not paid. See Doc. 66 at 6. Recoveraid now moves for contempt and sanctions. See generally id.

Level 1 never appeared. The clerk entered default on July 7, 2023. Doc. 62. The Magistrate Judge entered a Report and Recommendation recommending granting default judgment. Doc. 67; see also Doc. 58 (motion for default judgment); Doc. 60 (supplement to motion). Additional facts relevant to default are described in the Report and Recommendation and not repeated here.

### Motion for Contempt and Sanctions

Recoveraid asks the Court to find Warehouse Holdings and McInerney in civil contempt, strike their Answer and Affirmative Defenses, and enter judgment against them for the damages requested in the Complaint, which

3

include "damages, interest, attorneys' fees and costs." Doc. 66 at 2, 6; see also Doc. 1 at 5–8 (Complaint). Recoveraid represents that Warehouse Holdings and McInerney told Recoveraid's counsel, "We are unable to pay the settlement funds. Whatever sanctions are appropriate, including striking of pleadings, are appropriate if the Court says so." Id. at 6. Warehouse Holdings and McInerney have not responded to the motion.

A civil contempt order is appropriate "if the proof of the defendant's contempt is clear and convincing" and demonstrates "that 1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order." McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir. 2000) (quoting Jordan v. Wilson, 851 F.2d 1290, 1292 n.2 (11th Cir. 1988)).

The alleged contemnor has the burden to show an inability to comply. Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc., 950 F.2d 1525, 1529 (11th Cir. 1992) (citing United States v. Rylander, 460 U.S. 752, 757 (1983)). "[T]o succeed on the inability defense, the alleged contemnor must go beyond a mere assertion of inability and establish that he has made in good faith all reasonable efforts to meet the terms of the court order he is seeking to avoid." Id. (cleaned up). Even substantial, diligent, and good-faith efforts are insufficient if an alleged contemnor fails to show he made "all

4

reasonable efforts." United States v. Hayes, 722 F.2d 723, 725 (11th Cir. 1984) (internal quotation marks and quoted authority omitted).

"District courts enjoy wide discretion to fashion an equitable remedy for civil contempt that is appropriate to the circumstances." United States v. City of Mia., 195 F.3d 1292, 1298 (11th Cir. 1999) (cleaned up). "These sanctions may serve one of two broad purposes: (1) coercing the contemnor to comply with a court order, or (2) compensating a party for losses suffered as a result of the contemptuous act." Id. "In serving these ends, a court's civil contempt power is measured solely by the requirements of full remedial relief." Id. (cleaned up).

Here, the Court directed Warehouse Holdings and McInerney to pay Recoveraid the agreed $112,000 by July 31, 2023. Doc. 54. Warehouse Holdings and McInerney do not challenge that the Court's order was valid, lawful, clear, definite, and unambiguous. They assert that they cannot pay, but they have not attempted to show that they have made any efforts, let alone all reasonable efforts, to do so. They thus fail to establish an inability to pay. The conditions for holding them in contempt are satisfied.

The purpose of the contempt sanction is compensation. Recoveraid states a claim for $200,000 plus interest, costs, and attorneys' fees. See generally Doc. 1. Warehouse Holdings and McInerney agreed to settle the claim for $112,000, Docs. 47, 54, but failed to pay, Docs. 38, 54, 66. According to Recoveraid, Warehouse Holdings and McInerney acknowledged their failure and consented

5

to sanctions, including striking their Answer and Affirmative Defenses. Doc. 66 at 6. They have not disputed this. By failing to comply with the Court's order, they have left Recoveraid uncompensated for its losses. Considering the value of Recoveraid's claim and Warehouse Holdings and McInerney's acquiescence, granting the requested sanctions is warranted.

### Default Judgment

The Report and Recommendation establishes the basis for granting default judgment against Level 1. No party has filed an objection, and the time in which to do so has passed. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Upon de novo review of the file and for the reasons stated in the Report and Recommendation, Doc. 67, granting default judgment is warranted.

Accordingly, it is hereby

**ORDERED:**

1. Recoveraid's Motion for Contempt and Sanctions, Doc. 66, is **GRANTED**.

2. The Magistrate Judge's Report and Recommendation, Doc. 67, is **ADOPTED** as the opinion of the Court as to default judgment against Level 1.

3. Warehouse Holdings and Sean McInerney's Answer and Affirmative Defenses, Doc. 20, is **STRICKEN**.

4. Recoveraid's Renewed Motion for Final Judgment on Default Against Level 1 Transport, Inc., Doc. 58, is **GRANTED** to the extent that

default judgment will be entered against Level 1 on the worthless check claim under section 68.065, Florida Statutes (count six of the Complaint, Doc. 1).

5. The clerk will be **DIRECTED** to **enter judgment** in favor of Recoveraid and against Warehouse Holdings and Sean McInerney in the amount of $200,000 plus interest, to be jointly and severally liable with Level 1.

6. The clerk will be **DIRECTED** to **enter judgment** in favor of Recoveraid and against Level 1 in the total amount of **$800,000** (with Level 1 to be jointly and severally liable with Warehouse Holdings and Sean McInerney for **$200,000 plus interest**), along with attorneys' fees in the amount of **$6,515**.

7. The clerk will withhold entry of judgment pending a decision by Recoveraid whether to file a motion for attorneys' fees against Warehouse Holdings and Sean McInerney under Local Rule 7.01. Any such motion must be filed no later than **February 26, 2024**.

**DONE AND ORDERED** in Jacksonville, Florida, the 5th day of February, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

7

vng

Copies to:

The Honorable Laura Lothman Lambert
United States Magistrate Judge

Counsel of record